FILED
CLERK, U.S. DISTRICT COURT

05/12/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ GSA _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN GORDON MOHLER,<br><br>Defendant. | CR 2:26-cr-00306-FMO<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 922(o)(1): Possessing a Machinegun; 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about February 25, 2026, in Ventura County, within the Central District of California, defendant BRIAN GORDON MOHLER knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 42.2 grams, of a mixture or

substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about February 25, 2026, in Ventura County, within the Central District of California, defendant BRIAN GORDON MOHLER knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 6.07 grams, of methamphetamine, a Schedule II controlled substance.

3

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about February 25, 2026, in Ventura County, within the Central District of California, defendant BRIAN GORDON MOHLER knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.    a Beretta, model 3032 Tomcat, .32 ACP caliber pistol, bearing serial number DAA283961;

2.    47 rounds of Aguila, .32 Auto caliber ammunition; and

3.    One round of CCI/SPEER, .40 caliber ammunition.

Defendant MOHLER possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Ventura, case number CR49508, on or about December 20, 2000;

2.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Ventura, case number 2006006431, on or about April 13, 2006; and

3.    Possession of a Deadly Weapon, in violation of California Penal Code Section 12020(a), in the Superior Court of the State of California, County of Ventura, case number 200903060, on or about September 18, 2009.

4

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about February 26, 2026, in Ventura County, within the Central District of California, defendant BRIAN GORDON MOHLER knowingly possessed the following firearms, each in and affecting interstate and foreign commerce:

1.   A Rossi, model 971, .357 Magnum caliber revolver, bearing serial number F074472;

2.   A Beretta, model 84BB, .380 ACP caliber pistol, bearing serial number D10297Y;

3.   A Ruger, model Redhawk, .44 Magnum caliber revolver, bearing serial number 500-44795;

4.   A Smith & Wesson, model SW40VE, .40 caliber pistol, bearing serial number DVN8887;

5.   A Sig Sauer, model P226, 9mm Luger caliber pistol, bearing serial number U593519; and

6.   A HS Produkt Springfield Armory, model XD-45 Sub-Compact, .45 ACP caliber pistol, bearing serial number GM440004.

Defendant MOHLER possessed such firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Ventura, case number CR49508, on or about December 20, 2000;

2.   Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of

5

California, County of Ventura, case number 2006006431, on or about April 13, 2006; and

    3.    Possession of a Deadly Weapon, in violation of California Penal Code Section 12020(a), in the Superior Court of the State of California, County of Ventura, case number 200903060, on or about September 18, 2009.

COUNT FIVE

[18 U.S.C. § 922(o)(1)]

On or about February 26, 2026, in Ventura County, within the Central District of California, defendant BRIAN GORDON MOHLER knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), namely, a privately manufactured Polymer80, model PF940C, 9mm Luger caliber pistol, bearing no serial number, equipped with a machinegun conversion device that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun, and which defendant MOHLER knew to be a machinegun.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in Counts One through Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

8

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three through Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

///

///

9

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

CHRISTINA R.B. LÓPEZ
Assistant United States Attorney
Major Crimes Section

10